IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-50 |
| v. ) | |
| ) | (18 U.S.C. §§371, 1341, 1346, |
| JEFFREY DAVIDSON ) | and 2) |

## INDICTMENT

### INTRODUCTION

The grand jury charges:

At all times material to this indictment:

1. Thomas M. Burtoft and Susan M. Burtoft, not defendants herein, were husband and wife, who owned and operated several business entities incorporated in Pennsylvania, that were engaged in the construction industry in the Western District of Pennsylvania, including LaMarca Corporation, Telco Unlimited, Inc., C.J. Tierno, Inc. and Plumb Right Construction, Inc. The Burtofts' companies are collectively referred to herein as the construction enterprise.

2. The defendant, JEFFREY DAVIDSON, was initially an employee of an organization that had dealings with the Burtofts' construction enterprise, and was later an employee of the construction enterprise.

3. James Harper and Carmen J. Tierno, not defendants herein, were employees of the Burtofts' construction enterprise.

4. The Mercy Hospital of Pittsburgh, hereinafter referred to as Mercy Hospital, was a nonprofit Pennsylvania corporation operated as a private, general medical and surgical hospital, which served the Pittsburgh community and received revenue from direct

patient billings and third party reimbursements including Medicare and Medicaid payments.

5. Shadyside Hospital was a nonprofit Pennsylvania corporation operated as a private, general medical and surgical hospital, which served the Pittsburgh community and received revenue from direct patient billings and third party reimbursements including Medicare and Medicaid payments; Shadyside Hospital was an independent institution until March 31, 1997, at which time it became a part of the UPMC Health Care System.

6. West Penn Power Company was an electric utility system serving customers in the Western District of Pennsylvania, with its principal office in Greensburg, that was a wholly owned subsidiary of Allegheny Energy, Inc., incorporated in the State of Maryland. West Penn Power Company is hereinafter referred to by its trade name, Allegheny Power.

7. It was the business practice of each of Mercy Hospital, Shadyside Hospital, and Allegheny Power to contract with third parties for construction work needed at their facilities, and to have the performance of contractors' work overseen by their own employees designated for that purpose.

8. Until approximately May 1999, the defendant, JEFFREY DAVIDSON, was employed by Mercy Hospital, and exercised responsibility for oversight of maintenance and construction work. Another employee concurrently responsible for oversight of construction work at Mercy Hospital, until approximately August 1998, was David Hileman, not a defendant herein.

9. Demaree Hite, not a defendant herein, and a person whose identity is known to the grand jury, referred to as BR, not a defendant herein, were employees respectively of Shadyside Hospital and Allegheny Power, responsible for oversight of construction work.

## COUNT ONE

The grand jury further charges:

10. Commencing on or about January 1, 1994 and continuing thereafter until on or about April 30, 2000, in the Western District of Pennsylvania and elsewhere, the defendant, JEFFREY DAVIDSON, and Thomas M. Burtoft, Susan M. Burtoft, James Harper, Carmen J. Tierno, David Hileman, Demaree Hite, BR and others known to the grand jury, not defendants herein, did combine, conspire, confederate and agree, together and with one another, to commit offenses against the United States in violation of Title 18, United States Code, §§1341 and 1346, that is, to devise a scheme and artifice to defraud of, and obtain, money and property, including the intangible right of honest services, by means of false and fraudulent pretenses, representations and promises, and attempting to do so, and to use the United States mails in furtherance of such scheme and artifice.

### MANNER AND MEANS OF THE CONSPIRACY

11. It was part of the conspiracy that the construction enterprise followed the practice of corrupting the employees of its customers including Mercy Hospital, Shadyside Hospital and Allegheny Power having responsibility for oversight of construction work, including the defendant, JEFFREY DAVIDSON, and David Hileman, Demaree Hite and BR, by means including bribes in the form of cash, goods and personal construction services.

12. It was part of the conspiracy that the construction enterprise followed the practice of falsely and fraudulently

-4-

billing such customers based on misrepresentations of the extent and value of the work performed.

13. It was part of the conspiracy that the construction enterprise followed the practice of falsely and fraudulently billing such customers based on agreements in collusion with their corrupt employees to increase charges.

14. It was part of the conspiracy that the construction enterprise followed the practice of falsely and fraudulently billing such customers in excessive amounts beyond sums properly due for work performed.

15. It was part of the conspiracy that customers' corrupt employees violated their employment duties by causing false and fraudulent bills to be processed for payment as if submitted in the ordinary course of business, without disclosure of the misrepresentations of the work performed, the collusive agreements to increase charges, and the excessive amounts billed, and by causing payments falsely and fraudulently to be made to the construction enterprise.

16. It was part of the conspiracy that the construction enterprise received payments from such customers through the United States mail, in response to false and fraudulent bills. With regard to false and fraudulent bills for work at Allegheny Power, the construction enterprise acted as a nominal subcontractor to an independent third party, Wyatt, Inc., and payments to the construction enterprise were accordingly made through and mailed by Wyatt, Inc. in accordance with practice in the construction

industry.

17. It was part of the conspiracy that the defendant, JEFFREY DAVIDSON, and James Harper, Carmen Tierno, and others known to the grand jury, during their tenures as employees of the Burtofts, supervised work sites for the construction enterprise, participated in the preparation and submission of false and fraudulent bills to customers of the construction enterprise, and participated in corrupting customers' employees.

## OVERT ACTS

18. In order to effect the objects and purposes of the said conspiracy, the defendant, JEFFREY DAVIDSON, Thomas M. Burtoft, Susan M. Burtoft, Carmen J. Tierno, James Harper, David Hileman, Demaree Hite, BR, and others known to the grand jury, not defendants herein, did commit, and cause to be committed, the following overt acts, among others, in the Western District of Pennsylvania and elsewhere:

(i) - (xiv) On or the dates specified in the table below, the defendant, JEFFREY DAVIDSON, did receive the financial benefits specified from the construction enterprise:

| Act No. | Date (on or about) | Description |
| --- | --- | --- |
| (i) | February 21, 1995 | construction services at residence worth $1,944.43 |
| (ii) | March 19, 1995 | construction services at residence worth $2,316.36 |

-6-

| Act No. | Date (on or about) | Description |
|---|---|---|
| (iii) | June 23, 1996 | construction services at residence worth $6,501.85 |
| (iv) | September 30, 1996 | construction services at residence worth $16,662.89 |
| (v) | July 6, 1997 | construction services at residence worth $7,708.99 |
| (vi) | July 17, 1998 | a vacation home at Conneaut Lake purchased for his occupancy |
| (vii) | October 29, 1998 | payment of $799.83 for a vehicle lease |
| (viii) | December 7, 1998 | payment of $690.33 for a vehicle lease |
| (ix) | December 10, 1998 | payment of $690.33 for a vehicle lease |
| (x) | January 15, 1999 | payment of $690.33 for a vehicle lease |
| (xi) | February 17, 1999 | payment of $690.33 for a vehicle lease |
| (xii) | March 11, 1999 | payment of $690.33 for a vehicle lease |
| (xiii) | May 14, 1999 | payment of $1,380.66 for a vehicle lease |
| (xiv) | May 27, 1999 | payment of $690.33 for a vehicle lease |

(xv) - (xvi) On or the dates specified in the table below,

David Hileman did receive the financial benefits specified from the construction enterprise:

| Act No. | Date (on or about) | Description |
|---|---|---|
| (xv) | May 16, 1994 | a home in Edgewood purchased for his occupancy |
| (xvi) | January 30, 1999 | payment of $515.46 for a vehicle lease |

(xvii) - (xviii) On or the dates specified in the table below, Demaree Hite did receive the financial benefits specified from the construction enterprise:

| Act No. | Date (on or about) | Description |
|---|---|---|
| (xvii) | February 14, 1995 | funds in amount of $1000 paid by check |
| (xviii) | April 6, 2000 | payment of $547.69 for a vehicle lease |

(ixx) - (xxi) On or the dates specified in the table below, BR did receive the financial benefits specified from the construction enterprise:

| Act No. | Date (on or about) | Description |
|---|---|---|
| (ixx) | October 16, 1995 | cash in amount of $1000 |

-8-

| Act No. | Date (on or about) | Description |
| --- | --- | --- |
| (xx) | August 2, 1999 | payment of $89,432.55 at closing on home purchased in Murrysville |
| (xxi) | July - December, 1999 | construction services at personal residence |

(xxii) - (xxvi) On or about the dates specified in the table below, the construction enterprise did submit bills for work performed at Mercy Hospital:

| Act No. | Date (on or about) | Description |
| --- | --- | --- |
| (xxii) | November 21, 1997 | LaMarca Invoice No. 4093 |
| (xxiii) | June 4, 1998 | LaMarca Invoice No. 4312 |
| (xxiv) | August 26, 1998 | LaMarca Invoice No. 4408 |
| (xxv) | January 21, 1999 | LaMarca Invoice No. 4572 |
| (xxvi) | February 3, 1999 | LaMarca Invoice No. 4577 |

(xxvii) - (xxviii) On or about the dates specified in the table below, the construction enterprise did submit bills for work performed at Shadyside Hospital:

| Act No. | Date (on or about) | Description |
|---|---|---|
| (xxvii) | June 29, 1995 | LaMarca Invoice No. 3561 |
| (xxviii) | July 7, 1999 | Plumb Right Invoice No. 698 |

(xxix) - (xxxiii) On or about the dates specified in the table below, the construction enterprise did submit bills for work performed at Allegheny Power:

| Act No. | Date (on or about) | Description |
|---|---|---|
| (xxix) | October 23, 1995 | LaMarca Invoice No. 3625 |
| (xxx) | August 24, 1999 | LaMarca Invoice No. 4763 |
| (xxxi) | January 15, 2000 | LaMarca Invoice No. 2008 |
| (xxxii) | February 15, 2000 | LaMarca Invoice No. 2034 |
| (xxxiii) | March 15, 2000 | LaMarca Invoice No. 2080 |

(xxxiv) On or about March 8, 2000, Wyatt, Inc. did mail a letter containing a check for payment of the construction enterprise in connection with work at Allegheny Power.

(xxxv) On or about March 29, 2000, Wyatt, Inc. did mail a letter containing a check for payment of the construction enterprise in connection with work at Allegheny Power.

(xxxvi) On or about April 19, 2000, Wyatt, Inc. did mail a

letter containing a check for payment of the construction enterprise in connection with work at Allegheny Power.

In violation of Title 18, United States Code, Section 371.

## COUNTS TWO - FOUR

The grand jury further charges:

19.  From on or about January 1, 1995 and continuing thereafter until on or about June 30, 2000, in the Western District of Pennsylvania and elsewhere, the defendant, JEFFREY DAVIDSON, and Thomas M. Burtoft, Susan M. Burtoft, James Harper, Carmen Tierno, BR, and others known to the grand jury, not defendants herein, devised and intended to devise a scheme and artifice to defraud of, and obtain, money and property, including the intangible right of honest services, by means of false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises would be and were false and fraudulent when made.

20.  The scheme and artifice to defraud, so devised and intended to be devised, was in substance as described in paragraphs 11 - 17, above, which are incorporated herein, as if fully set forth.

21.  On or about the dates set forth in the table below, the defendant, JEFFREY DAVIDSON, for the purpose of executing the above described scheme and artifice to defraud, and attempting to do so, did knowingly cause the delivery by the United States Postal Service according to the directions thereon, of the letters described.

| COUNT | DATE (on or about) | MAILED FROM | MAILED TO | CONTENTS |
|---|---|---|---|---|
| 2 | March 8, 2000 | Wyatt, Inc. 1845 Campbell Run Road Pittsburgh, Pa. | LaMarca Corporation 150 Dexter Drive Suite B Monroeville, Pa. 15146 | Wyatt, Inc. check No. 003444, in amount $116,851.47 |
| 3 | March 29, 2000 | Wyatt, Inc. 1845 Campbell Run Road Pittsburgh, Pa. | LaMarca Corporation 150 Dexter Drive Suite B Monroeville, Pa. 15146 | Wyatt, Inc. check No. 003879, in amount $111,299.33 |
| 4 | April 19, 2000 | Wyatt, Inc. 1845 Campbell Run Road Pittsburgh, Pa. | LaMarca Corporation 150 Dexter Drive Suite B Monroeville, Pa. 15146 | Wyatt, Inc. check No. 004310, in amount $70,082.82 |

In violation of Title 18, United States Code, Sections 1341, 1346 and 2.

## FORFEITURE ALLEGATIONS

The grand jury further charges:

1. The Grand Jury realleges and incorporates by reference the allegations contained in Counts One through Four of this Indictment for the purpose of alleging criminal forfeitures pursuant to Title 28, United States Code, Section 2461(c).

2. As a result of the commission of the violations charged in Counts One through Four Ten of this Indictment, the defendant, JEFFREY DAVIDSON, did acquire the following property, which constitutes, and is derived from, the proceeds obtained, directly and indirectly, from such violations, thereby subjecting said property to forfeiture to the United States of America pursuant to Title 28, United States Code, Section 2461(c):

> (a) United States currency, cash equivalents, and bank account balances constituting the gross proceeds of such violations.

3. If through any act or omission by the defendant, JEFFREY DAVIDSON, any of the property described in paragraph two above,

> (a) cannot be located upon the exercise of due diligence,
>
> (b) has been transferred, or sold to, or deposited with a third person,
>
> (c) has been placed beyond the jurisdiction of the Court,
>
> (d) has been substantially diminished in value, or,

(e) has been commingled with other property which cannot be subdivided without difficulty,

the United States of America intends to seek forfeiture of any other property of the defendant, JEFFREY DAVIDSON, up to the value of the property forfeitable above pursuant to Title 28, United States Code, Section 2461(c), which incorporates by reference Title 21, United States Code, Section 853(p), including, without limitation, the real property located in Summit Township, Crawford County, Pennsylvania, as more fully described in Deed Book Volume 487, Page 198 (instrument number 200000010498) in the Office of Recorder of Deeds, Crawford County, Pennsylvania.

A true bill,

_____
Foreperson

_____
MARY BETH BUCHANAN
United States Attorney
PA ID No. 50254

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
                         )
        v.               )   Criminal No. 05-57
                         )
JEFFREY DAVIDSON         )

## CERTIFICATION AND NOTICE FOR FILING PRETRIAL MOTIONS

I hereby certify that I have been notified by the United States Magistrate Judge that all pretrial motions must be filed within ten (10) days of Arraignment unless the Court extends the time upon written application made within said ten (10) day period.

March 31, 2005
Date

Attorney for Defendant
JEFFREY DAVIDSON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 05-57
)
JEFFREY DAVIDSON )

ARRAIGNMENT PLEA

Defendant JEFFREY DAVIDSON

being arraigned, pleads _NOT GUILTY_

in open Court this _3/15_ day of

_MARCH_, 2005.

_____
(Defendant's Signature)

_____
(Attorney for Defendant)

CRIMINAL CASE INFORMATION SHEET

Pittsburgh  X        Erie _____      Johnstown _____

Related to No. 03-240    Judge McVerry                    05-50
(All criminal prosecutions arising out of the same criminal
transaction or series of transactions are deemed related).

CATEGORY: 1. _____ Antitrust & Securities Fraud
          2. _____ Tax
          3.   X   General Criminal

| | |
|---|---|
| Defendant's name: | JEFFREY DAVIDSON |
| Is Indictment waived: | ___ yes   X  no |
| Pretrial Diversion: | ___ yes   X  no |
| Juvenile proceeding: | ___ yes   X  no |
| Defendant is: |  X  Male   ___ Female |
| Superseding Indictment or Information: | ___ yes   X  no |
| Previous case number: | |

If superseding, previous case was/will be:

_____ Dismissed on defendant's motion
_____ Dismissed on government's motion
_____ After appellate action
_____ Other (explain)

| | |
|---|---|
| County in which first offense cited occurred: | Allegheny County |
| Previous proceedings before Magistrate Judge: | |
| Case No.: | |

PLEASE INCORPORATE MAGISTRATE CASE WITH CRIMINAL CASE

| | |
|---|---|
| Date arrested or date continuous U.S. custody began: | |
| Defendant: | ___ is in custody   X  is not in custody |
| Name of Institution: | |
| Custody is on: | ___ this charge   ___ another charge |
| | ___ another conviction |
| | ___ State   ___ Federal |
| Detainer filed: | ___ yes   X  no |
| Date detainer filed: | |

| | |
|---|---|
| Total defendants: | 1 |
| Total counts: | 4 |
| Data below applies to defendant No.: | 1 |
| Defendant's name: | JEFFREY DAVIDSON |

## SUMMARY OF COUNTS

| COUNT NO. | U.S. CODE | OFFENSE | FELONY | MISDEMEANOR |
|---|---|---|---|---|
| 1 | 18 USC §371 | Conspiracy | X | |
| 2-4 | 18 USC §§1341, 1346 and 2 | Mail Fraud | X | |

I certify that to the best of my knowledge the above entries are true and correct.

DATE: March 8, 2005

JAMES Y. GARRETT
Assistant U.S. Attorney
PA ID No. 12466